(No. 83-CC-2149—▮▮▮▮)

LORRAINE PRENCIPE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed May 8, 1985.*

*Order on motion to vacate dismissal filed August 8, 1985.*

*Order on motion to dismiss filed May 15, 1987.*

BRIAN D. ALPERT and RICHARD GEIGER, for Claimant.

HINSHAW, CULBERTSON, MOELMANN, HOBAN & FULLER, for Respondent.

## ORDER ON MOTION TO DISMISS

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss the complaint filed in this matter.

Respondent's motion sets forth that Claimant filed a complaint in this Court alleging damages sustained as a result of negligent highway construction on August 3, 1982, near the intersection of Ogden Avenue and Washington Street in Naperville, Illinois. Said motion further states that Claimant executed a full and unqualified release, dated July 15, 1983, for damages arising from this accident. Respondent cited the case of *Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190, 449 N.E.2d 827, in which the Illinois Supreme Court held that a full or unqualified release as to one indivisible injury given to anyone of those concurring in its cause releases both joint and independent concurrent tort-feasors.

Motion to dismiss is hereby granted and this cause is dismissed.

## ORDER ON MOTION TO VACATE DISMISSAL

HOLDERMAN, J.

This matter comes before the Court upon Claimant's request that the Court's order of May 8, 1985, dismissing this claim be vacated and Respondent's motion to dismiss be denied.

Respondent's motion to dismiss, filed January 4, 1985, requested dismissal on the grounds that Claimant "executed a full and unqualified release dated July 15, 1983, for damages arising from this occurrence."

Claimant, in her brief in response to motion to dismiss, dated July 2, 1985, states that her attorney never received a copy of Respondent's motion to dismiss and the first notice she had of said motion was the order entered by the Court on May 8, 1985. Said brief also sets forth that on June 13, 1985, the parties appeared on a status call before Commissioner Robert E. Cronin who granted Claimant 21 days to file the instant memorandum in opposition to Respondent's motion and granted Respondent 21 days to respond and set the matter for status hearing on October 16, 1985.

It is hereby ordered that the Court's order of May 8, 1985, dismissing said claim be, and the same is, vacated, and this matter is continued until the hearing on October 16, 1985, before Commissioner Cronin.

## ORDER ON MOTION TO DISMISS

HOLDERMAN, J.

This matter comes before the Court upon Respondent's motion to dismiss and amended motion to dismiss.

This matter arose as a result of a motorcycle accident on August 3, 1982, near the intersection of

Ogden Avenue and Washington Street in Naperville, Illinois.

On January 4, 1985, Respondent filed a motion to dismiss which was granted by the Court's order of May 8, 1985. On May 28, 1985, Claimant filed a motion to vacate the dismissal order, and on August 8, 1985, the Court entered an order granting Claimant's motion to vacate and continuing Respondent's motion to dismiss for hearing.

The record shows that Claimant Lorraine Prencipe executed a full and unqualified release of all claims dated July 15, 1983, for all damages arising from this occurrence. Said release states, in part:

". . . all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and other compensation whatsoever, which the undersigned now has/have or which may hereinafter accrue on account of or in any way growing out of any and all known or unknown, foreseen and unseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the third day of August, 1982 at or near the intersection of Ogden Avenue and Washington Street, Naperville, Illinois."

Respondent's motion to dismiss calls attention to the fact that the aforementioned release does not contain an express reservation of rights and that it is clear on its face that it is a full or unqualified release as to one indivisible injury. Respondent's motion further states that in *Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190, 449 N.E.2d 827, the Illinois Supreme Court held that a full or unqualified release given to any one of those concurring in its cause releases both joint and independent concurrent tort-feasors; further, such releases are to be given the presumption of validity. (See *Wasmund v. Metropolitan Sanitary Dist.* (1985), 135 Ill. App. 3d 926, 482 N.E.2d 351.) Respondent further states that the language of the

release executed by Claimant Lorraine Prencipe falls within the ambit of and is governed by the *Porter* decision and therefore, the release bars any and all claims arising out of the occurrence which is the subject of said release.

It is the opinion of this Court that the release executed by Claimant is a full and complete release of all claims that might arise out of the accident complained of.

Motion to dismiss is granted and said cause is dismissed.